## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## KEY WEST DIVISION

### CASE NO.:

CUPCAKE SUSHI LLC,                    *
a Florida Limited Liability Company,  *
                                      *
          Plaintiff,                  *
                                      *
v.                                    *
                                      *
JOHNATHAN NEWELL HINES,               *
an Individual,                        *
                                      *
          Defendant.                  *
                                      *
* * * * * * * * * * * * * * * * * * * * * * *

### COMPLAINT

Plaintiff, CUPCAKE SUSHI LLC (hereinafter "CUPCAKE SUSHI"), sues Defendant, JOHNATHAN NEWELL HINES ("HINES"), and states:

1.     This action seeks an award of damages related to the misappropriation of Plaintiff's trade secrets and breach of a non-disclosure agreement.

2.     This action seeks to protect by way of injunctive relief, contract rights, confidential business information and trade secrets having a value believed to be far in excess of $1,000,000.00, exclusive of interest and costs, which information is protected under the trade secret laws of the United States and the state of Florida.

### VENUE AND JURISDICTION

3.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims asserted in the Complaint occurred in this judicial district.

_____
**PEREZ MAYORAL, P.A.**
Attorneys at Law

4.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 pursuant to CUPCAKE SUSHI's allegations of trade secret misappropriation under the Defend Trade Secrets Act (DTSA) (18 U.S.C. § 1836 et seq.).

5.      This Court has supplemental jurisdiction over CUPCAKE SUSHI's state law claims pursuant to 28 U.S.C. § 1367(a) because they are so substantially related and share a common nucleus of operative facts with CUPCAKE SUSHI's federal claims as to form part of the same case or controversy.

6.      CUPCAKE SUSHI is a Florida limited liability company, having its principal place of business at 1114 Truman Ave, Key West, Florida, which is in Monroe County.

7.      Defendant HINES is a natural person and is believed to reside in Dickson County, Tennessee.

8.      The amount in controversy, without interests and costs, exceeds $75,000.00.

9.      CUPCAKE SUSHI has retained the law firm of Perez Mayoral, P.A. in connection with the filing of this action and has agreed to pay counsel a reasonable fee for their services. CUPCAKE SUSHI is entitled to its reasonable attorneys' fees and costs for bringing this action pursuant to the Non-Disclosure Agreement between CUPCAKE SUSHI and HINES.

10.     All conditions precedent for bringing this action have been fully performed, waived, or excused.

BACKGROUND

CUPCAKE SUSHI & FOUNDER LORI SHUBERT

11.     CUPCAKE SUSHI is a company in the highly competitive dessert industry which has designed and patented one-of-a-kind dessert sushi roll products (hereinafter the "CUPCAKE SUSHI Products."

_____
**PEREZ MAYORAL, P.A.**
Attorneys at Law

2

12.     CUPCAKE SUSHI was founded by Lori Shubert, who opened the business in Key West, Florida in 2013.

13.     The CUPCAKE SUSHI Products are created using a proprietary and confidential process entirely created by its founder Lori Shubert, and owned by CUPCAKE SUSHI.

14.     Lori Shubert created the idea, process, and business plan for CUPCAKE SUSHI after baking for years at her cafe in Massachusetts.

15.     After years of planning, innovating, and experimenting, Ms. Shubert invented a system which rolls buttercream around moist cake with the use of a cold stone, similar to what is used in mixing ice cream, and cuts dessert rolls into unique bite size pieces of food art, quite similar in appearance (but not taste) to maki sushi.

16.     Ms. Shubert penciled the design, hired an engineer to draft it, and hired a local welder and carpenter to construct the prototype for the CUPCAKE SUSHI® Live-Roll Cart.

17.     In 2013, Ms. Shubert moved to Key West to launch CUPCAKE SUSHI, sold pre-made retail boxes from a refrigerated 1950's Good Humor Ice Cream cart at Mallory Square, and soon supplied wholesale to local grocers. Ms. Shubert also created one-of-a-kind dessert live roll events for local weddings and private parties.

18.     CUPCAKE SUSHI has a current physical storefront at 1114 Truman Ave, Key West, Florida.

19.     Ms. Shubert filed trademark and patent applications for her invention, and years later was awarded not one, but two patents – both design and utility patents.

20.     U.S. Design Patent No. USD789025, of applicant and inventor Lori Shubert, was issued on June 13, 2017.  *See* **"Exhibit A."**

21.     U.S. Utility Patent No. 9930894, of applicant and inventor Lori Shubert, was issued on April 3, 2018.  *See* **"Exhibit B."**

_____
**PEREZ MAYORAL, P.A.**
Attorneys at Law

## CUPCAKE SUSHI TRADE SECRETS

22.     Over the course of its business operations, CUPCAKE SUSHI has created and taken action to protect proprietary trade secrets and confidential information related to CUPCAKE SUSHI Products developed by CUPCAKE SUSHI (hereinafter "Trade Secrets"), comprising of various manufacturing processes and formulas.  Descriptions of the Trade Secrets are attached hereto as "**Exhibit C.**"

23.     CUPCAKE SUSHI has invested considerable time, effort, and expense in establishing and developing the Trade Secrets; in developing contacts and business relationships with its suppliers, customers and potential customers; and in developing skills, knowledge and relationships with its employees.

24.     The Trade Secrets are essential to the success and continued success of CUPCAKE SUSHI in this highly competitive business. It represents the investment, at a minimum, of hundreds of thousands of dollars in time and expense.

25.     The Trade Secrets give CUPCAKE SUSHI a competitive advantage not enjoyed by other persons who do not possess the Trade Secrets. It is not generally known outside CUPCAKE SUSHI.

26.     It would be a significant unfair competitive advantage for a competitor of CUPCAKE SUSHI to have access to and/or utilize CUPCAKE SUSHI's Trade Secrets.

27.     CUPCAKE SUSHI sells CUPCAKE SUSHI Products to customers within the United States through its national e-commerce marketplace at www.cupcakesushi.com. CUPCAKE SUSHI Products are products used in interstate and foreign commerce and qualify for protection under the Federal Defend Trade Secrets Act, 18 U.S.C. § 1836.

28.     CUPCAKE SUSHI's Trade Secrets constitute "trade secrets" under the Federal Defend Trade Secrets Act, 18 U.S.C. § 1836 because they constitute business and technical information, including plans, formulas, designs, methods, techniques, processes, and procedures.

29.     CUPCAKE SUSHI's Trade Secrets constitute "trade secrets" under the Federal Defend Trade Secrets Act, 18 U.S.C. § 1836 because CUPCAKE SUSHI has taken reasonable measures to keep such information secret.

30.     CUPCAKE SUSHI's Trade Secrets constitute "trade secrets" under the Federal Defend Trade Secrets Act, 18 U.S.C. § 1836 because the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information.

31.     CUPCAKE SUSHI's Trade Secrets have always been restricted to a very small team of individuals working within CUPCAKE SUSHI's business.

32.     Access to items of Trade Secrets within CUPCAKE SUSHI is limited to select groups of individuals on a need-to-know basis for such items, and available only for the purpose of performing those individuals' job duties.

33.     CUPCAKE SUSHI used, and continues to use, reasonable and diligent efforts to maintain and protect its Trade Secrets, including limiting access to the information and to CUPCAKE SUSHI offices and facilities, protecting access to its computer systems and databases, limiting access to CUPCAKE SUSHI computer systems to individual employees with passwords, limiting access to who can view particular pieces of the Trade Secrets, having policies regarding the non-disclosure and unauthorized use of business information, and requiring various employees and contractors with access to Trade Secrets to sign confidentiality agreements.

_____
**PEREZ MAYORAL, P.A.**
Attorneys at Law

5

34.     The Trade Secrets would be extremely difficult to independently ascertain, develop, or create using proper means, if even possible at all, and certainly could not even attempt to be duplicated using proper means, without a substantial and considerable expenditure of time, resources and expense. It could not be acquired from CUPCAKE SUSHI.  A person cannot make CUPCAKE SUSHI from piecing together available information in public domain.  CUPCAKE SUSHI's social media links do not show proprietary trade secrets, only a visual live roll process.

35.     The Trade Secrets derive independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure and use.

36.     The Trade Secrets constitute trade secrets within the meaning of applicable law, including the Federal Defend Trade Secrets Act, 18 U.S.C. §§ 1836 et seq., and Florida's version of the UTSA, Fla. Stat. Chapter 688.

<u>JOHNATHAN NEWELL HINES</u>

37.     JOHN NEWELL HINES is a natural person who is a citizen of the United States.

38.     In April of 2015, HINES began working as a sub-contractor for CUPCAKE SUSHI at its principal place of business in Key West, Florida.

39.     As part of CUPCAKE SUSHI's measures to keep its Trade Secrets secret, it only agreed to allow HINES access to any Trade Secrets under the condition that HINES would agree to and execute a Non-Disclosure Agreement pertaining to said Trade Secrets.  *See* **"Exhibit D."**

40.     HINES was provided with access to the Trade Secrets for the purpose of his subcontracting with CUPCAKE SUSHI only after agreeing to and executing said Non-Disclosure Agreement pertaining to said Trade Secrets.  *See* **"Exhibit D."**

41.     HINES worked as a subcontractor for CUPCAKE SUSHI from 2015 until 2020.

42.     HINES accessed said Trade Secrets knowing that it constituted valuable proprietary information and under circumstances which imported an obligation of confidence in which he knew or in which he ought to have known that the information was confidential and was not to be used outside of the CUPCAKE SUSHI business.

43.     In January of 2020, HINES began to steal and blatantly misappropriate CUPCAKE SUSHI's Trade Secrets – and its owner Lori Shubert's life's work – solely for his personal gain.

### JOHN NEWELL HINES' BLATANT COPIES OF SHUBERT'S PATENTS

44.     On January 14, 2020, while HINES was in Key West, Florida working with CUPCAKE SUSHI, he and his new British wife, Lisa Booth Hines, registered a blatant copy of CUPCAKE SUSHI's U.S. Design Patent No. USD789025 with the United Kingdom Intellectual Property Office under UK Registered Design 6081076 (**"Exhibit E"**) and the European Union Intellectual Property Office under Registered Design No. 007544432-0001 (**"Exhibit F"**).

45.     A comparison of CUPCAKE SUSHI's U.S. Design Patent No. USD789025 (**"Exhibit A"**), HINES' UK Registered Design 6081076 (**"Exhibit E"**), and HINES' European Union Intellectual Property Office Registered Design No. 007544432-0001 (**"Exhibit F"**) shows that John and Lisa Booth Hines plainly copied and/or traced Ms. Shubert's design in furtherance of HINES' theft of CUPCAKE SUSHI's intellectual property and misappropriation of its Trade Secrets.

| Figure 1 in CUPCAKE SUSHI's U.S. Design Patent No. USD789025. *See* **"Exhibit A."** | Illustration in HINES' UK Registered Design 6081076 and EU Registered Design No. 007544432-0001. *See* **"Exhibit E** & **F."** |
|---|---|
|  | |

46.    In 2020, without notice to CUPCAKE SUSHI, the John and Lisa Booth Hines fled Key West, Florida, and moved to the United Kingdom.

47.    On August 2, 2020, the HINES registered a business in the United Kingdom titled YUM YUM SUSHI DESSERTS LIMITED, under Registrar of Companies No. 12785920.  *See* **"Exhibit G."**

48.    On   October   18,   2020,   HINES   published   the   website https://yumyumsushidesserts.com, wherein HINES (1) advertises the sale of hand rolled sushi shaped desserts, (2) claims that the HINES and Lisa Booth Hines – the alleged owners of "several patents" – are the owners of this one-of-a-kind sushi shaped design dessert, (3) claims HINES and Lisa Booth Hines are creating "a new space in the dessert and gifting industry," and (4) boasts about HINES' intent to bring this purportedly "new and unique range of desserts into the UK and beyond."  *See* **"Exhibit H."**

49.    Through direct misappropriation of CUPCAKE SUSHI's Trade Secrets which he learned for 5 years under a duty of confidentiality and trust, HINES began producing copies of the CUPCAKE SUSHI Product and convincing industry leaders in the United Kingdom of his demonstrably false innovation design claims.

_____
**PEREZ MAYORAL, P.A.**
Attorneys at Law

8

51.     In October of 2021, HINES exhibited YUM YUM SUSHI DESSERTS at the Fortem International trade show in London.  HINES won the UK 2021 Food & Drink Innovation Award as a result of his misappropriation of CUPCAKE SUSHI's Trade Secrets.

52.     On September 30, 2022, the HINES' legal representatives notified CUPCAKE SUSHI that the HINES admit the registered designs were invalid and agreed to surrender the UK and UE designs.  *See* **"Exhibit I."**

53.     Notwithstanding admitting to copying CUPCAKE SUSHI's patents via counsel, in October of 2022, HINES appeared on the first episode of the new United Kingdom television show, "ALDI NEXT BIG THING," in which contestants compete for product placement within the ALDI international grocery store chain.  HINES competed for the "dessert spot" by using his misappropriation of CUPCAKE SUSHI's Trade Secrets.

54.     In an attempt to win the "dessert spot" HINES personally disclosed CUPCAKE SUSHI's Trade Secrets on the product creation process, including a proprietary and secret production process known as chocolate envelopment, which CUPCAKE SUSHI and its founder have never revealed in company's entire history outside of the strict bounds of non-disclosure and/or confidentiality agreements.   HINES caused irreparable damage through this public disclosure CUPCAKE SUSHI's Trade Secrets on national television in the United Kingdom.

55.     In October of 2022, HINES posted on social media that Yum Yum Sushi Desserts had been sold: "I can now confirm that Yum Yum Sushi Desserts has been SOLD and we will continue to fill orders until the television show episode airs in the next couple of weeks."  See **"Exhibit J."**

56.     HINES' subsequent commercial activities are based upon the misuse of the Trade Secrets which he accessed when working as a sub-contractor for CUPCAKE SUSHI.

_____
**PEREZ MAYORAL, P.A.**
Attorneys at Law

9

57.     CUPCAKE SUSHI has suffered and will continue to suffer irreparable damages due to HINES misappropriation of its Trade Secrets and breach of the Non-Disclosure Agreement.

**COUNT I**
**Misappropriation of Trade Secrets Pursuant to the**
**Federal Defend Trade Secrets Act (DTSA) (18 U.S.C. § 1836 et seq.)**

58.     CUPCAKE SUSHI re-alleges and incorporates by reference paragraphs 1 through 57 of CUPCAKE SUSHI's Complaint set out above, as if fully set forth herein.

59.     CUPCAKE SUSHI is the owner of CUPCAKE SUSHI's Trade Secrets.

60.     CUPCAKE SUSHI's Trade Secrets derive independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information.

61.     As stated previously, CUPCAKE SUSHI has taken reasonable steps to protect and maintain the secrecy of its Trade Secrets, including, but not limited to, requiring its employees to enter into non-disclosure agreements that require its employees to keep CUPCAKE SUSHI's Trade Secrets confidential and restricting access to CUPCAKE SUSHI's Trade Secrets.

62.     CUPCAKE SUSHI's Trade Secrets are related to a product or service used in, sold, shipped, ordered, and/or intended for use in interstate commerce.

63.     Under the DTSA, the "owner of a trade secret that is misappropriated may bring a civil action…if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." *See* 18 U.S.C. § 1836(b)(1).

64.     The DTSA "applies to conduct occurring outside the United States if … the offender is a natural person who is a citizen or permanent resident alien of the United States … or an act in furtherance of the offense was committed in the United States." *See* 18 U.S.C. § 1837.

_____
**PEREZ MAYORAL, P.A.**
Attorneys at Law

65.     The DTSA defines the term "trade secrets" to include "all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if…(A) the owner thereof has taken reasonable measures to keep such information secret; and (B) the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information." *See* 18 U.S.C. § 1839(3).  CUPCAKE SUSHI's Trade Secrets falls within this definition.

66.     Under the DTSA, a person commits "misappropriation" through "disclosure or use of a trade secret of another without express or implied consent by a person who … (ii) at the time of disclosure or use, knew or had reason to know that the knowledge of the trade secret was … (II) acquired under circumstances giving rise to a duty to maintain the secrecy of the trade secret or limit the use of the trade secret; or (III) derived from or through a person who owed a duty to the person seeking relief to maintain the secrecy of the trade secret or limit the use of the trade secret; …" *See* 18 U.S.C. § 1839(5)(B).

67.     Defendant's actions, including but not limited to the public disclosure of CUPCAKE SUSHI's Trade Secrets on a major television show in the United Kingdom, constitute misappropriation for the purpose of the DTSA because the Defendant disclosed CUPCAKE SUSHI's Trade Secrets without CUPCAKE SUSHI's consent with the knowledge that the trade secret was (1) acquired under circumstances giving rise to a duty to maintain the secrecy of the trade secret or limit its use and (2) derived through HINES, who was a person who owed a duty to CUPCAKE SUSHI to maintain the secrecy of the trade secret or limit the use of the trade secret.

---

**PEREZ MAYORAL, P.A.**
Attorneys at Law

68.     Defendant's actions establishes that he used and/or disclosed CUPCAKE SUSHI's Trade Secrets for the purpose of personal financial gain, which has caused irreparable damage to CUPCAKE SUSHI.

69.     Defendant's actions indicate that he threatens to further use and/or disclose CUPCAKE SUSHI's Trade Secrets for the purpose of personal financial gain, which has caused irreparable damage to CUPCAKE SUSHI.

70.     By reason of the foregoing, Defendant has, through improper means, used and/or disclosed CUPCAKE SUSHI's Trade Secrets in activities related to competition with CUPCAKE SUSHI and in a manner that undermines CUPCAKE SUSHI's business operations and/or is prepared to do so.

71.     Defendant upon information and belief, took such actions willfully, maliciously, and/or in reckless disregard for CUPCAKE SUSHI's rights, in that Defendant knew and had reason to know that he was not authorized to use and/or disclose CUPCAKE SUSHI's Trade Secrets in activities related to competition with CUPCAKE SUSHI or in a manner that undermines CUPCAKE SUSHI's business operations.

72.     This Court has the authority to enjoin HINES' actual and threatened misappropriation pursuant to 18 U.S.C. § 1836(3), which provides that "[i]n a civil action brought under this subsection with respect to the misappropriation of a trade secret, a court may … grant an injunction … to prevent any actual or threatened misappropriation described in paragraph (1) on such terms as the court deems reasonable…." *See* 18 U.S.C. § 1836(3).

73.     This Court has the authority to compel affirmative acts to protect CUPCAKE SUSHI's Trade Secrets pursuant to Fla. Stat. § 688.003(3), which provides that "[i]f determined appropriate by the court, requiring affirmative actions to be taken to protect the trade secret."

_____

**PEREZ MAYORAL, P.A.**

Attorneys at Law

12

74.     CUPCAKE SUSHI is likely to succeed in pursuit of this injunctive relief under applicable law.

75.     The harm which CUPCAKE SUSHI will suffer if Defendant is not enjoined far outweighs any harm Defendant would suffer from the issuance of injunctive relief, as requested herein.

76.     Should HINES move to terminate this injunction in bad faith, CUPCAKE SUSHI would seek and be entitled to an award for its reasonable attorney's fees under 18 U.S.C. § 1836(3)(D).

77.     Pursuant to 18 U.S.C. § 1836(3):

"In a civil action brought under this subsection with respect to the misappropriation of a trade secret, a court may award … (I) damages for actual loss caused by the misappropriation of the trade secret; and (II) damages for any unjust enrichment caused by the misappropriation of the trade secret that is not addressed in computing damages for actual loss; or (ii) in lieu of damages measured by any other methods, the damages caused by the misappropriation measured by imposition of liability for a reasonable royalty for the misappropriator's unauthorized disclosure or use of the trade secret; … [and] (C) if the trade secret is willfully and maliciously misappropriated, award exemplary damages in an amount not more than 2 times the amount of the damages awarded under subparagraph (B)."

78.     HINES' misappropriation of CUPCAKE SUSHI's Trade Secrets, including but not limited to the public disclosure of CUPCAKE SUSHI's Trade Secrets on a internationally broadcasted television show in the United Kingdom, was willful and malicious.

79.     CUPCAKE SUSHI has been damaged by HINES' misappropriation and is entitled to injunctive and monetary relief.

WHEREFORE, CUPCAKE SUSHI prays that:

A.  Defendant be temporarily, preliminarily, and permanently enjoined and restrained from using or disclosing to any person any trade secrets and other confidential information of CUPCAKE SUSHI;

_____
**PEREZ MAYORAL, P.A.**
Attorneys at Law

13

B.  Defendant be temporarily, preliminarily, and permanently enjoined and restrained, for a period of time deemed proper by the Court to protect CUPCAKE SUSHI's Trade Secrets, from directly or indirectly providing CUPCAKE SUSHI's Trade Secrets to any competing business in which he may have an ownership interest, or any other direct competitor of CUPCAKE SUSHI;

C.  This Court issue a temporary restraining order and a preliminary injunction restraining Defendant from doing any of the acts set forth above until entry of the Court's final judgment;

D.  Defendant be ordered immediately to preserve and return to CUPCAKE SUSHI any Trade Secrets of CUPCAKE SUSHI, and all copies thereof, in whatever form stored or maintained, and preserve all electronic information in his possession or control pertaining to CUPCAKE SUSHI's Trade Secrets;

E.  CUPCAKE SUSHI be granted an award of damages for said misappropriation pursuant to 18 U.S.C. § 1836(3), including (1) the actual loss caused by misappropriation, (2) the unjust enrichment caused by misappropriation not taken into account in computing actual loss, (3) imposition of liability for a reasonable royalty for HINES' unauthorized disclosure or use of a trade secret, and (4) exemplary damages in an amount twice of the award for the damages listed above.

F.  This Court issue a temporary, preliminarily, and permanently injunction requiring the following affirmative acts under 18 U.S.C. § 1836(3):

  a.  disclosure and production of a list of third-party people and companies who HINES disclosed CUPCAKE SUSHI's Trade Secrets to or who purchased the same;

_____
**PEREZ MAYORAL, P.A.**
Attorneys at Law

    b.   disclosure and production of any related documents including such but not limited to license agreements, letters of intent, distributor agreements, partnership agreements, acquisition agreements, and non-disclosure agreements;

    c.   disclosure of an account of HINES' profits;

    d.   delivery and/or destruction upon oath of all materials in HINES' possession, custody, or control which were made as a result of their use of the CUPCAKE SUSHI's Trade Secrets or which incorporate or are derived from any of the Trade Secrets;

    e.   permanent removal of the Trade Secrets from all of HINES' computer systems.

G.   CUPCAKE SUSHI be granted such other and further relief as the Court may deem just and proper, including, but not limited to, an equitable accounting for all monies gained by Defendant related to the unjust enrichment caused by his misappropriation of CUPCAKE SUSHI's Trade Secrets, and an accounting as to all persons to whom the Trade Secrets, or any portion thereof, were disclosed to.

**COUNT II**
**Misappropriation of Trade Secrets In Violation of**
**Florida's Uniform Trade Secrets Act (FUTSA) (Fla Stat. § 688.002)**

80.    CUPCAKE SUSHI re-alleges and incorporates by reference paragraphs 1 through 57 of CUPCAKE SUSHI's Complaint set out above, as if fully set forth herein.

81.    CUPCAKE SUSHI's Trade Secrets are the result of years of work and substantial expenditure of time, effort, and expense and constitute trade secrets within the meaning of Florida's Uniform Trade Secrets Act (hereinafter "FUTSA") found at Fla Stat. § 688.002.

82.    Under Fla Stat. § 688.002, a person commits "misappropriation" through "[d]isclosure or use of a trade secret of another without express or implied consent by a person

who … (2) at the time of disclosure or use, knew or had reason to know that her or his knowledge of the trade secret was … (b) [a]cquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or (c) derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use; …" *See* Fla Stat. § 688.002(2).

83.     Defendant's actions, including but not limited to the public disclosure of CUPCAKE SUSHI's Trade Secrets on a major television show in the United Kingdom, constitute misappropriation for the purpose of the FUTSA because the Defendant disclosed CUPCAKE SUSHI's Trade Secrets without CUPCAKE SUSHI's consent with the knowledge that the trade secret was (1) acquired under circumstances giving rise to a duty to maintain the secrecy of the trade secret or limit its use and (2) derived through a HINES, who was a person who owed a duty to CUPCAKE SUSHI to maintain the secrecy of the trade secret or limit its use.

84.     CUPCAKE SUSHI's Trade Secrets derive independent economic value from the fact that they are not generally known, nor readily ascertainable by proper means by, the public, and therefore qualify as trade secrets under Fla. Stat. § 688.002(4).

85.     This Court has the authority to enjoin HINES' actual and threatened misappropriation pursuant to Fla. Stat. § 688.003, which provides that "[a]ctual or threatened misappropriation may be enjoined."

86.     This Court has the authority to compel affirmative acts to protect CUPCAKE SUSHI's Trade Secrets pursuant to Fla. Stat. § 688.003(3), which provides that "[i]n appropriate circumstances, affirmative acts to protect a trade secret may be compelled by court order."

87.     CUPCAKE SUSHI is likely to succeed in pursuit of this injunctive relief under applicable law.

_____
**PEREZ MAYORAL, P.A.**
Attorneys at Law

88.     The harm which CUPCAKE SUSHI will suffer if Defendant is not enjoined far outweighs any harm Defendant would suffer from the issuance of injunctive relief, as requested herein.

89.     Should HINES move to terminate this injunction in bad faith, CUPCAKE SUSHI would seek and be entitled to an award for its reasonable attorney's fees under Fla. Stat. § 688.005.

90.     Pursuant to Fla. Stat, § 688.004:

"(1) Except to the extent that a material and prejudicial change of position prior to acquiring knowledge or reason to know of misappropriation renders a monetary recovery inequitable, a complainant is entitled to recover damages for misappropriation. Damages can include both the actual loss caused by misappropriation and the unjust enrichment caused by misappropriation that is not taken into account in computing actual loss. In lieu of damages measured by any other methods, the damages caused by misappropriation may be measured by imposition of liability for a reasonable royalty for a misappropriator's unauthorized disclosure or use of a trade secret.

(2) If willful and malicious misappropriation exists, the court may award exemplary damages in an amount not exceeding twice any award made under subsection (1)."

91.     HINES' misappropriation of CUPCAKE SUSHI's Trade Secrets, including but not limited to the public disclosure of CUPCAKE SUSHI's Trade Secrets on a major television show in the United Kingdom, was willful and malicious.

92.     CUPCAKE SUSHI has been damaged by HINES' misappropriation and is entitled to injunctive and monetary relief.

WHEREFORE, CUPCAKE SUSHI prays that:

A. Defendant be temporarily, preliminarily, and permanently enjoined and restrained from using or disclosing to any person any trade secrets and other confidential information of CUPCAKE SUSHI;

B. Defendant be temporarily, preliminarily, and permanently enjoined and restrained, for a period of time deemed proper by the Court to protect CUPCAKE SUSHI's Trade

Secrets, from directly or indirectly providing CUPCAKE SUSHI's Trade Secrets to any competing business in which he may have an ownership interest, or any other direct competitor of CUPCAKE SUSHI;

C.  This Court issue a temporary restraining order and a preliminary injunction restraining Defendant from doing any of the acts set forth above until entry of the Court's final judgment;

D.  Defendant be ordered immediately to preserve and return to CUPCAKE SUSHI any Trade Secrets of CUPCAKE SUSHI, and all copies thereof, in whatever form stored or maintained, and preserve all electronic information in his possession or control pertaining to CUPCAKE SUSHI's Trade Secrets;

E.  CUPCAKE SUSHI be granted an award of damages for said misappropriation pursuant to Fla. Stat, § 688.004, including (1) the actual loss caused by misappropriation, (2) the unjust enrichment caused by misappropriation not taken into account in computing actual loss, (3) imposition of liability for a reasonable royalty for HINES' unauthorized disclosure or use of a trade secret, and (4) exemplary damages in an amount twice of the award for the damages listed above.

F.  This Court issue a temporary, preliminarily, and permanently injunction requiring the following affirmative acts under Fla. Stat. § 688.003(3):

   a.  disclosure and production of a list of third-party people and companies who HINES disclosed CUPCAKE SUSHI's Trade Secrets to or who purchased the same;

   b.  disclosure and production of any related documents including such but not limited to license agreements, letters of intent, distributor agreements,

---

**PEREZ MAYORAL, P.A.**
Attorneys at Law

    partnership agreements, acquisition agreements, and non-disclosure agreements;

  c.  disclosure of an account of HINES' profits;

  d.  delivery and/or destruction upon oath of all materials in HINES' possession, custody, or control which were made as a result of their use of the CUPCAKE SUSHI's Trade Secrets or which incorporate or are derived from any of the Trade Secrets;

  e.  permanent removal of the Trade Secrets from all their computer systems.

G.  CUPCAKE SUSHI be granted such other and further relief as the Court may deem just and proper, including, but not limited to, an equitable accounting for all monies gained by Defendant related to the unjust enrichment caused by his misappropriation of CUPCAKE SUSHI's Trade Secrets, and an accounting as to all persons to whom the Trade Secrets, or any portion thereof, were disclosed to.

<u>**COUNT III**</u>
<u>**Breach of the Non-Disclosure Agreement**</u>

93.    CUPCAKE SUSHI re-alleges and incorporates by reference paragraphs 1 through 57 of CUPCAKE SUSHI's Complaint set out above, as if fully set forth herein.

94.    In April of 2015, HINES began working as a sub-contractor for CUPCAKE SUSHI at its principal place of business in Key West, Florida.

95.    As part of CUPCAKE SUSHI's measures to keep its Trade Secrets secret, it only agreed to allow HINES access to any Trade Secrets under the condition that HINES would agree to and execute a Non-Disclosure Agreement pertaining to said Trade Secrets.  *See* **"Exhibit D."**

_____
**PEREZ MAYORAL, P.A.**
Attorneys at Law

19

96.     HINES was provided with access to the Trade Secrets for the purpose of his subcontracting with CUPCAKE SUSHI only after agreeing to and executing said Non-Disclosure Agreement pertaining to said Trade Secrets.  *See* **"Exhibit D."**

97.     By reason of the facts set forth in the foregoing paragraphs 1 through 57, Defendant breached his Non-Disclosure Agreement. *See* **"Exhibit D."**

98.     By reason of such breach, CUPCAKE SUSHI has been damaged.

99.     The Non-Disclosure Agreement, which refers to CUPCAKE SUSHI as the "Disclosing Party," provides the following at Paragraph 6 as to remedies for a breach of its terms:

> "Both parties acknowledge that the Trade Secrets to be disclosed hereunder is of a unique and valuable character, and that the unauthorized dissemination of the Trade Secrets would destroy or diminish the value of such information. The damages to Disclosing Party that would result from the unauthorized dissemination of the Trade Secrets would be impossible to calculate. **Therefore, both parties hereby agree that the Disclosing Party shall be entitled to injunctive relief preventing the dissemination of any Trade Secrets in violation of the terms hereof. Such injunctive relief shall be in addition to any other remedies available hereunder, whether at law or in equity. Disclosing Party shall be entitled to recover its costs and fees, including reasonable attorneys' fees, incurred in obtaining any such relief. Further, in the event of litigation relating to this Agreement, the prevailing party shall be entitled to recover its reasonable attorney's fees and expenses."**

(emphasis added).

100.     CUPCAKE SUSHI is likely to succeed in pursuit of this injunctive relief under applicable law.

101.     The harm which CUPCAKE SUSHI will suffer if Defendant is not enjoined far outweighs any harm Defendant would suffer from the issuance of injunctive relief, as requested herein.

102.     CUPCAKE SUSHI has retained the law firm of Perez Mayoral, P.A. in connection with the filing of this action and has agreed to pay counsel a reasonable fee for their services. CUPCAKE SUSHI is entitled to its reasonable attorneys' fees and costs for bringing this action

pursuant to Paragraph 6 of the Non-Disclosure Agreement between CUPCAKE SUSHI and HINES.

103.    CUPCAKE SUSHI has been damaged by HINES' misappropriation and is entitled to injunctive and monetary relief.

WHEREFORE, CUPCAKE SUSHI prays that:

A. Defendant be temporarily, preliminarily, and permanently enjoined and restrained from violating the terms of the Non-Disclosure Agreement;

B. Defendant be temporarily, preliminarily, and permanently enjoined and restrained, for a period of time deemed proper by the Court to protect CUPCAKE SUSHI's Trade Secrets, from directly or indirectly providing CUPCAKE SUSHI's Trade Secrets to any competing business in which he may have an ownership interest, or any other direct competitor of CUPCAKE SUSHI;

C. This Court issue a temporary restraining order and a preliminary injunction restraining Defendant from doing any of the acts set forth above until entry of the Court's final judgment;

D. Defendant be ordered immediately to preserve and return to CUPCAKE SUSHI any Trade Secrets and confidential information of CUPCAKE SUSHI, and all copies thereof, in whatever form stored or maintained, and preserve all electronic information in his possession or control pertaining to CUPCAKE SUSHI's Trade Secrets and confidential information;

E. CUPCAKE SUSHI be granted an award of damages including (1) the actual loss caused by misappropriation, (2) the unjust enrichment caused by misappropriation not taken into account in computing actual loss, and (3) imposition of liability for a reasonable

royalty for HINES' unauthorized disclosure or use of a trade secret and/or confidential information.

F.  This Court issue a temporary, preliminarily, and permanently injunction requiring the following:

   a.  disclosure and production of a list of third-party people and companies who HINES disclosed CUPCAKE SUSHI's Trade Secrets to or who purchased the same;

   b.  disclosure and production of any related documents including such but not limited to license agreements, letters of intent, distributor agreements, partnership agreements, acquisition agreements, and non-disclosure agreements;

   c.  disclosure of an account of HINES' profits;

   d.  delivery and/or destruction upon oath of all materials in HINES' possession, custody, or control which were made as a result of their use of the CUPCAKE SUSHI's Trade Secrets and/or confidential information or which incorporate or are derived from any of the Trade Secrets and/or confidential information;

   e.  permanent removal of the Trade Secrets and confidential information from all their computer systems.

   f.  CUPCAKE SUSHI be granted an award for its reasonable attorneys' fees and costs for bringing this action pursuant to Paragraph 6 of the Non-Disclosure Agreement between CUPCAKE SUSHI and HINES.

G.  CUPCAKE SUSHI be granted such other and further relief as the Court may deem just and proper, including, but not limited to, an equitable accounting for all monies gained by Defendant related to the unjust enrichment caused by his misappropriation of

---

**PEREZ MAYORAL, P.A.**
Attorneys at Law

CUPCAKE SUSHI's Trade Secrets and confidential information, and an accounting as to all persons to whom the Trade Secrets, or any portion thereof, was disclosed to.

Dated this 17th day of February, 2023.

Respectfully submitted,

PEREZ MAYORAL, P.A.
*Counsel for Plaintiff*
999 Ponce De Leon Blvd., Suite 705
Coral Gables, Florida 33134
Telephone: 305-928-1077
Facsimile: 305-402-6299
Primary E-mail:  mmayoral@pmlawfla.com
Secondary E-mail: eromero@pmlawfla.com

By:    s/ Michael P. Mayoral
Michael P. Mayoral, Esq.
Florida Bar No. 112080